UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-6408-CIV-DIMITROULEAS

NEIL KEENAN, NEIL KEENAN
& ASSOCIATES, INC., and
JOSEPH BENDANA,

    Plaintiffs,

vs.

AER LINGUS, BRITISH AIRWAYS,
STEPHEN CELICO, EDWARD F. COAKLEY,
COACH HOUSE GROUP, LTD., CONDOR
TRADING INTERNATIONAL,
MICHAEL CUNNINGHAM,
JOSEPH DONOVAN, DOMINICANA
INTERNATIONAL MARKETING CO., INC.,
RUDOLFO ESPINAL, PETER HEDDERWICK,
RICHARD JOHANNSON, MARSHALL
AEROSPACE, MICHAEL MARSHALL,
MICK MILNE, CATHAL MULLAN,
DANIEL SHAW, WORLDWIDE TRAVEL
ASSOCIATES, INC.,

    Defendants.
_____/



## OMNIBUS ORDER ON MOTION TO TRANSFER AND MOTIONS TO DISMISS AMENDED COMPLAINT

THIS CAUSE came before the Court upon Plaintiffs' Motion to Transfer Venue [DE 137, corrected at DE 140], various motions to dismiss filed herein by different Defendants, British Airways' Motion for Clarification [DE 145], and several Defendants' Motion for Sanctions. The Court has carefully considered the motions and is otherwise fully advised in the premises.

I. BACKGROUND

Plaintiffs Neil Keenan ("Keenan") and Neil Keenan & Associates ("NK&A") initially filed an eight count Complaint alleging various federal and state causes of action against all the defendants. That Complaint contained two remaining federal counts alleging violations of the



Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 et. seq. (Count I) and 42 U.S.C. § 1983 for civil rights violations (Count VIII).[1] Upon various motions to dismiss by nearly all Defendants, this Court granted the motions to dismiss the federal claims, though it allowed Plaintiffs to file an Amended Complaint against Defendants Michael Cunningham, Daniel Shaw, Richard Johannson, Dominicana International Marketing Co., Inc., Worldwide Travel Associates, Inc., Coach House Group, Ltd., and Condor Trading International. The Court specifically warned Plaintiffs to comport any Amended Complaint against particular Defendants with Rule 11.

Plaintiffs filed an Amended Complaint[2] and a Motion to Transfer Venue. The Amended Complaint contains two counts for alleged violations of RICO.[3] The Amended Complaint added a plaintiff, Joseph Bendana, a citizen of New Jersey, dropped the Florida-based defendants, and added additional factual allegations regarding meetings held between Bendana and several of the "inner group" of Defendants listed in the preceding paragraph. The Amended Complaint continued to name most of the original Defendants, even though it did not add factual allegations against the other Defendants not in the "inner group" of actors.

---

[1] The Honorable William J. Zloch, United States District Court Judge, dismissed Counts II, III, IV, V, VI, and VII, the state law causes of action, as the Court declined to exercise its supplemental jurisdiction.

[2] The Amended Complaint itself is not signed by counsel, although counsel did sign the Certificate of Service that is on the same page as the blank signature line at the end of the Amended Complaint.

[3] Count I alleges violations that pertain to Plaintiffs Keenan and NK&A, while Count II relates to alleged violations regarding Plaintiff Joseph Bendana.

Plaintiffs' amended complaint alleges that the defendants Shaw, Cunningham, and Johannson entered into a joint venture with the Keenan Plaintiffs to develop certain business opportunities within the Dominican Republic concerning an airport development, an energy development project and various export ventures, including the export of sugar and cigars. The airport development and energy development projects, in particular, involved many of the other defendants named in this complaint. Plaintiffs allege that the defendants acted and conspired to have Keenan incarcerated in the United States, and then later in the Dominican Republic, with the purpose of taking over Plaintiffs' business opportunities and acquiring the profits of those ventures. Defendants Shaw, Cunningham, and Johannson had entered into a non-circumvention agreement with Keenan.

In Count II of the Amended Complaint, similar allegations regarding the involuntary taking over of business opportunities are described as relates to Plaintiff Joseph Bendana. These allegations, supported by an affidavit by Mr. Bendana (Exhibit K to the Amended Complaint), describe several meetings between Plaintiff Bendana and some of the Defendants, particularly Defendants Shaw, Cunningham, Johannson and Espinal[4], in the Dominican Republic and in New Jersey. Plaintiff Bendana's affidavit supports the allegations by Plaintiff Keenan regarding the alleged acts taken by Defendants Shaw, Cunningham and Johannson to remove Plaintiff Keenan from several business opportunities. Finally, Plaintiffs submit several letters (Exhibits D, E, F, and H) from Defendants Shaw and Cunningham to Defendants Johannson and Espinal

---

[4] Espinal was not named as a defendant in the original complaint, although his name did appear in the complaint.

supporting their allegations in both counts regarding the actions taken or orchestrated against Plaintiff Keenan.

Nearly all the Defendants have filed a motion to dismiss.[5] In addition, several defendants not in the inner group seek sanctions against Plaintiffs for filing an amended complaint against those Defendants not specifically mentioned in this Court's previous order allowing such amendment. Those Defendants not only seek dismissal with prejudice, but also attorney's fees.

## II. DISCUSSION

### A. Personal Jurisdiction

Defendants Marshall Aerospace, Michael Marshall, Mick Milne, Peter Hedderwick (hereinafter, "Marshall Defendants"), who are not residents of the United States, again assert the grounds of lack of personal jurisdiction as one reason to dismiss the Plaintiffs' amended complaint. As discussed in this Court's previous Order, the initial Complaint, and now the amended complaint, do not allege any acts or agreements by these four parties that were made in the United States.[6] In response, Plaintiffs merely recite that these defendants conspired with other defendants who do have contacts with the Southern District of Florida. Plaintiffs, however, do not cite any appellate case law in support of their argument.

---

[5] Defendant British Airway's filed a Motion for Clarification, arguing that it had been dismissed with prejudice, and it should not even be required to plead against the Amended Complaint. In effect, British Airway's seeks dismissal of the amended complaint.

[6] These Defendants assert that they have no contacts at all with the United States, so that even if this Court were to agree with Plaintiffs to transfer this case to the District of New Jersey (discussed infra), these Defendants still assert that the lack of personal jurisdiction with this forum necessitates their dismissal. The Court agrees.

The Court will grant the motion to dismiss the Marshall Defendants for the same legal reasons as detailed in this Court's March 18, 1999 Order dismissing the original complaint. In reviewing the amended complaint, the motions to dismiss and the response thereto, the Court finds that the Marshall Defendants do not have any contacts, as alleged, with the United States. Given that the allegations in this case against these defendants do not involve acts that took place in the United States, and the complaint does not sufficiently allege that these defendants have minimum contacts (or any contacts) with the United States, this Court finds that it does not have personal jurisdiction over Defendants Marshall Aerospace, Michael Marshall, Mick Milne, Peter Hedderwick,.[7]

### B. Motion to Transfer Venue/Dismissal for Improper Venue

The Plaintiffs concede in their Motion to Transfer Venue that venue in the Southern District of Florida is "questionable," given that the Amended Complaint has dropped the only South Florida Defendants. Not only is venue "questionable," it is non-existent under either the RICO venue provision, 18 U.S.C. Section 1965(d), or the general federal question venue provision, 28 U.S.C. Section 1391(b).

Under 28 U.S.C. § 1391, venue in a case involving a federal question and a corporation may be found where one of the defendants resides, is subject to personal jurisdiction or where a

---

[7] To the extent that Plaintiffs are arguing that these defendants conspired with defendants who had contacts with the United States or Florida, those arguments are rejected as none of the named defendants in the amended complaint reside, are found, have an agent, or transact business in the Southern District of Florida. Thus, the amended complaint is also being dismissed for improper venue, and with prejudice as to the Marshall Defendants, as a sanction for refiling this complaint in this Districting knowing that such venue was improper. See *infra*.

substantial part of events giving rise to the claim occurred. 28 U.S.C. § 1391. In construing whether a substantial part of events, the "weight of the contacts" test is used. DeLong Equipment Co. v. Washington Mills Abrasive, 840 F.2d 843, 855 (11th Cir.1988). On a motion to dismiss for improper venue, when no evidentiary hearing is held, "the plaintiff must present only a prima facie showing of venue...." DeLong Equip. Co., 840 F.2d at 845. Further, "[t]he facts as alleged in the complaint are taken as true to the extent they are uncontroverted by defendants' affidavits." Id. When affidavits conflict, the court is inclined to give greater weight to the plaintiff's version of the jurisdictional facts and to construe such facts in the light most favorable to the plaintiff. Home Insurance Company v. Thomas Industries, Inc. 896 F.2d 1352, 1355 (11th Cir. 1990). Even construing Plaintiffs' version of the facts in the light most favorable to Plaintiff, venue is improper in this District as no Defendant resides or may be found in this District, and, a substantial part of the events giving rise to the claims in this case arose here.

Plaintiffs response to the motions to dismiss reiterates its motion to transfer venue to the District of New Jersey. 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[8] Plaintiffs argue that the added factual allegations of the Amended Complaint state a claim for venue in New Jersey, based upon new

---

[8] In determining whether to transfer a case to another venue, courts generally rely on a number of factors including: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses, and the availability of witnesses through compulsory process; (4) the location of documents and other sources of proof; (5) the relative ability of the parties to bear the expense of changing the forum; and (6) trial efficiency and expense to the justice system. See Gould v. National Life Ins. Co., 990 F. Supp. 1354, 1357-58 (M.D. Ala.1998) (citing cases).

Plaintiff Joseph Bendana's affidavit regarding five or so meetings in New Jersey with some of the "inner group" of Defendants. However, on the merits of Plaintiffs' argument, the new allegations concerning meetings in New Jersey between Plaintiff Bendana and a few of the Defendants are insufficient to establish that New Jersey is a proper forum for this lawsuit against all these defendants, most of whom have had no contact with New Jersey with regard to the allegations in the Amended Complaint.

More importantly, however, the venue transfer statute specifically states that transfer is warranted if it "is in the interest of justice." In this case, transfer to New Jersey would not be within the interests of justice because this Court had specifically warned Plaintiffs that if they refile in the Southern District against the inner group of Defendants, to be sure that venue is appropriate in this District. Plaintiffs failed to follow that instruction and forced this Court and the Defendants, including Defendants dismissed for lack of personal jurisdiction, to respond to another complaint in this District. Plaintiffs assert that they filed the Amended Complaint in this Court to comply with this Court's deadline, and even though they had identified an alternative forum in New Jersey, Plaintiffs felt that they had no choice but to file the Amended Complaint in this Court and simultaneously move to transfer venue. Plaintiffs also assert that since Court's Order did not specifically say that other defendants were dismissed with prejudice, that they included all defendants in the amended complaint to protect their rights. However, Plaintiffs did have another choice – they could have just filed their complaint in New Jersey, and thus save this

7

Court and Defendants time in responding to an additional complaint in a that even Plaintiffs concede is "questionable" as to venue.[9]

The "interests of justice" in this case dictate that this case should be dismissed for improper venue, rather than transferred to the District of New Jersey. Any harm that comes to Plaintiffs' rights as a result of this dismissal, such as statute of limitations issues, is the cause of Plaintiffs filing an Amended Complaint in a district that they knew was not a proper forum.

### C. Motion to Dismiss With Prejudice/Motions for Sanctions

Several Defendants move to dismiss the complaint with prejudice and for sanctions against Plaintiffs for filing an amended complaint either against certain Defendants without Court permission, or in the Southern District of Florida knowing venue was questionable. The Court, having utilized its discretion to deny a transfer of venue and to dismiss for improper venue, will again utilize its discretion to dismiss the amended complaint with prejudice as to certain defendants. However, since Plaintiff has stated a RICO claim against Defendants Michael Cunningham, Daniel Shaw, Richard Johannson, Rudolfo Espinal, Dominicana International Marketing Co., Inc., Worldwide Travel Associates, Inc., and possibly Coach House Group, Ltd., and Condor Trading International, albeit not one that can be filed in the Southern District of Florida, the Court will dismiss the Amended Complaint as to these defendants without prejudice due to improper venue.

---

[9] Whether or not a RICO claim against the above described "inner group" of Defendants may be validly brought in another District is immaterial to whether this Court should transfer this case when the amended complaint was improperly filed here in the Southern District.

8

However, as to the remaining defendants in the Amended Complaint,[10] a dismissal with prejudice is warranted. The Court's 1999 Order was apparently not crystal clear that the Plaintiffs had failed to state a claim under RICO against these Defendants. The additional allegations brought by the new Plaintiff, Joseph Bendana, do not add a viable RICO claim against these Defendants.

As for sanctions, the Court will grant the motions to dismiss by Defendants Celico, Coakley, Aer Lingus, British Airways, Coakley, Donovan and the Marshall Defendants with prejudice, and, pursuant to 28 U.S.C. § 1927 orders that Plaintiffs Keenan and NK&A and their counsel jointly and severally liable for reasonable attorney's fees incurred in responding to the Amended Complaint due to the unreasonable multiplying of proceedings in the filing of the Amended Complaint against these Defendants. Under its inherent power, having reviewed the motions filed in response to the Amended Complaint and the Plaintiffs' Motion to Transfer Venue, the Court determines that five hours of attorney time at $200 dollars per hour is an appropriate amount of sanction in this case.[11] The Court will stay imposition of this sanction and issue an order to show cause to Plaintiffs and their counsel to allow the opportunity to show why this sanction should not be imposed.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

---

[10] This dismissal with prejudice includes the three non-Florida defendants dropped from the original Complaint, namely Tapia Cunillera, Ralph Groves and Peter Scrimpf.

[11] This sanction would apply to each group of Defendants filing responses, i.e., if one counsel represented four Defendants, that group of Defendants would get $1,000, not $4,000. As to Defendant British Airways, a reasonable attorney fee for its four page motion for clarification, in addition to review of the Plaintiffs' amended filings, is only $500.

1. Plaintiffs' Motion to Transfer Venue [DE 137], and Corrected Motion to Transfer Venue [DE 140] are hereby **DENIED**;

2. Defendant Marshall Aerospace, Michael Marshall, Mick Milne, and Peter Hedderwick's Motion to Dismiss the amended complaint [DE 144] is hereby **GRANTED with prejudice**;

3. Defendant British Airways' Motion for Clarification [DE 145] is hereby **GRANTED,** and Defendant British Airways' is **DISMISSED with prejudice;**

4. Defendant Aer Lingus' Motion to Dismiss the amended complaint [DE 146] is hereby **GRANTED with prejudice;**

5. Defendant Edward Coakley's Motion to Dismiss the amended complaint [DE 148-1] is hereby **GRANTED with prejudice;**

6. Defendants Michael Cunningham, Coach House Group, Ltd., and Condor Trading International, Ltd., and Richard Johannson's Motion to Dismiss the amended complaint with prejudice for improper venue [DE 150-2] is hereby **GRANTED** without prejudice;

7. Defendants Harold Shaw, Dominicana International Marketing Company, Inc., and World Wide Trade Associates, Inc.'s Motion to Dismiss the amended complaint [DE 151] is hereby **GRANTED** without prejudice;

8. Defendant Joseph Donovan's Motion to Dismiss the amended complaint [DE 152] is hereby **GRANTED with prejudice;**

9. Defendant Stephen Celico's Motion to Dismiss the amended complaint [DE 157-1] is hereby **GRANTED with prejudice;**

10. The Amended Complaint is hereby **DISMISSED** for improper venue as to all Defendants, and for the additional reasons stated in this order;

11. Defendants Marshall Aerospace, Michael Marshall, Mick Milne, and Peter Hedderwick's Motion for Sanctions [DE 144-2], Defendant Coakley's Motion for Sanctions [DE 148-2] and Defendant Celico's Motion for Sanctions [DE 157-2] are hereby **GRANTED**.

12. Plaintiffs and their counsel shall show cause by March 24, 2000 as to why sanctions of $5,500 total[12] against Plaintiffs Keenan, NK&A and counsel Sheldon Golding, Esq. should not be imposed pursuant to 28 U.S.C. § 1927.

13. Defendants Michael Cunningham, Coach House Group, Ltd., and Condor Trading International, Ltd., and Richard Johannson's Motion for Sanctions [DE 150-3] is hereby **DENIED**;

14. Any other pending motions are hereby **DENIED as moot**;

15. The Clerk may close this case, the Court retaining jurisdiction to resolve the issue of sanctions, as described above.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___ day of March, 2000.

WILLIAM P. DIMITROULEAS
United States District Judge

---

[12] This $5,500 would be divided as follows: $1,000 to the Marshall Defendants, $1,000 to Aer Lingus, $500 to British Airways (who only filed a four-page motion for clarification), $1,000 to Edward Coakley, $1,000 to Joseph Donovan, and $1,000 to Stephen Celico (although Defendant Celico filed his opposition to the amended complaint pro-se, his time is still money too).

11

copies to:

Sheldon Golding, Esq.
Scott Roberts, Esq.
Bruce Berman, Esq.
Gary D. Sesser, Esq.
Stanley Wakshlag, Esq.
Stephen Celico
Anthony J. Manieri, Esq.
H. Mark Vieth, Esq.
Douglas McIntosh, Esq.
Robert Norton, Esq.
Alan Rosenberg, Esq.
Rudolfo Espinal